

# The Attorney General of Texas

June 22, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Senate Education Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No. JM-178

Re:  Whether an officer of
banking institution who serv
as a member of the board of
higher education authority
subject   to   article   988
V.T.C.S.

Dear Senator Parker:

    You have asked the following two questions relating to the bi
frequently referred to as the Local Officials Conflict of Intere
Bill:

>    (1) Is an official of a banking institution
> serving as a member of the board of directors of a
> higher education authority a 'local public
> official' under the provisions of article 988b,
> V.T.C.S.?
>
>    (2) If so, and if the financial institution
> with which such board member is associated, or an
> affiliated institution such as a bank holding
> company arrangement, makes student loans
> guaranteed by a higher education authority, does
> such board member then violate the provisions of
> article 988b by participating in a vote or
> decision of the board of directors if his bank or
> financial institutions affiliated therewith
> receives interest income on an eligible student
> loan or proceeds paid in the event of default on
> such loan from the guarantee fund of the higher
> education authority?

    We conclude that a member of the board of directors of a high
education authority is a local public official within the meaning
the Local Officials Conflict of Interest Bill and, therefore,
subject to the applicable provisions of the act. It is our opini
that a board member with a substantial interest in a lendi
institution violates the provisions of that act by knowing

participating in a vote or decision of the board of directors if the member can reasonably foresee that such action will result in receipt of interest income to the lending institution from eligible student loans.

Section 1(1), article 988b, V.T.C.S. defines a "local public official" as:

> a member of the governing body or another officer, whether elected or appointed, paid or unpaid, of any district (including a school district), county, city, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature.

A higher education authority is created under chapter 53 of the Texas Education Code by the governing body of a city or cities. Sec. 53.11. An authority is a "body politic and corporate" which may sue and be sued and may make, amend, and repeal its bylaws. Sec. 53.13. It is a governmental body which is subject to the Open Meetings Act, article 6252-17, V.T.C.S., and to the Open Records Act, article 6252-17a, V.T.C.S. See Attorney General Opinion MW-177 (1980). It is a local governmental entity which is governed by its board of directors. Sec. 53.14. A member of such a board clearly exercises responsibilities beyond those that are advisory in nature and is subject to the provisions in article 988b which prohibit certain conduct.

A local public official commits a Class A misdemeanor under section 3(a)(1) of article 988b, except in those instances provided in section 5, (which provides inter alia for abstention from voting on matters in which the official is interested) if he knowingly

> participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved . . . .

The elements of the offense involve several factual determinations, one of which is whether a local public official has a substantial interest in the business entity. Under section 2 of the act, a person has a substantial interest in a business if:

> (1) the interest is ownership of 10 percent or more of the voting stock or shares of the business

entity or ownership of $2,500 or more of the fair
market value of the business entity; or

(2) funds received by the person from the
business entity exceed 10 percent of the person's
gross income for the previous year . . . .

Also, an interest of a person related in the first or second degree by
either affinity or consanguinity to the local public official is a
"substantial interest." Sec. 2(c).

A local public official must knowingly participate in a vote or
decision on a matter prohibited by article 988b to violate the
provisions of that act. Section 3(a)(1) appears to refer to an action
on a matter if it is reasonably foreseeable that the action will
confer any economic benefit to the business entity in question,
regardless of the source or the amount of economic benefit.

The student higher education loans in question usually are made
by private lending institutions at interest rates lower than the
generally available rates. We understand that until the loan is in
pay-back status, the holder of the loan receives from the federal
government an interest subsidy payment for the facial amount of the
interest plus a variable lenders special allowance that brings the
interest income up to the regular market level of interest. When the
loan is in pay-back status, the student borrower pays the interest
subsidy payments on remaining unpaid balances, and the federal
government continues payment of the lenders special allowance. In
case of default, the higher education authority guaranteeing the loan
pays the student's unpaid principal and interest. We believe that the
interest income to a lending institution that it receives as the
holder of a guaranteed student loan constitutes an economic benefit
within the meaning of article 988b.

Therefore, assuming that a member of the board of directors of a
higher education authority has a "substantial interest" in a lending
institution, we believe the board member violates the provisions of
article 988b if the member knowingly participates in a vote or
decision of the board when the member can reasonably foresee that such
action will result in the lending institution receiving interest
income on eligible student loans or receiving any other economic
benefit from the higher education authority's student loan program.

## S U M M A R Y

A member of the board of directors of a higher
education authority is a public official within
the meaning of article 988b, V.T.C.S. Such a
board member with a substantial interest in a

lending institution violates that act by knowingly participating in a vote or decision of the board of directors if the member can reasonably foresee that such action will result in interest income to the lending institution from guaranteed student loans.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton